IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARILYN MARIE SMITH, | : | |
| | : | 1:12-cv-1667 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| DEPARTMENT OF DEFENSE, | : | |
| *et al.*, | : | |
| | : | |
| Defendants. | : | |

# MEMORANDUM

## October 11, 2012

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 6), filed on October 5, 2012, which recommends that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and that the case be closed. *Pro se* Plaintiff Marilyn Marie Smith ("Plaintiff" or "Smith") filed objections to the R&R on October 9, 2012. (Doc. 7). Accordingly, this matter is ripe for our review. For the reasons that follow, the R&R shall be adopted in its entirety.

## I. STANDARD OF REVIEW

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## II. DISCUSSION

Plaintiff filed a *pro se* complaint with this Court naming three Defendants: The Department of Defense, the former Secretary of Defense, Robert Gates, and the Defense Distribution Depot, Susquehanna. Smith's initial complaint was difficult to decipher, but it appeared to allege that Plaintiff worked for the Department of Defense in 2006 and 2007, and had some dispute with her employer that resulted in her termination and removal from her workplace by the police. Smith's pleading disclosed that in August 2007 she signed an EEOC form that

"waive[d] my right to sue over this matter." However, Smith's civil action complaint alleged, in summary fashion, that she was pursuing a Title VII race discrimination claim and was also, inexplicably, seeking a "pardon time served [for] Mr. Williams Von Smith, known as razor blade." (Doc. 1).

An initial review of the complaint revealed several pleading deficiencies and Plaintiff was accordingly instructed to file an amended complaint. Thereafter, Plaintiff filed a document which the Magistrate Judge construed as an amended complaint. (Doc. 5). The amended complaint abandons the pardon request for Mr. Von Smith, who is also "known as razor blade," but, as noted by the Magistrate Judge, is otherwise largely incomprehensible and contains a recitation of seemingly unrelated and disconnected events, all of which occurred more than five years ago, and none of which state a claim upon which relief may be granted.

Specifically, Magistrate Judge Carlson recommends dismissal of the amended complaint for two main reasons. First, the amended complaint names three Defendants, but contains absolutely no reference whatsoever to those Defendants in the body of the complaint. Second, any possible claims Plaintiff might be attempting to assert are clearly barred by the statute of limitations. Moreover, Plaintiff's amended complaint has no well-pleaded, or intelligible, factual narrative. The inadequacy of her pleading is aptly summarized in her

3

closing averment that she "has met her burden of proof based upon something."
(Doc. 5).

Plaintiff has filed "objections" to the R&R, however, the document filed by Plaintiff further demonstrates that she has no cognizable claim to assert. The document contains disconnected factual averments that seem unrelated, yet repeatedly posits that the Plaintiff has "meet [*sic*] her burden of proof in this discrimination complaint." Unfortunately for Plaintiff, just stating that she has met her burden of proof does not make it so. Accordingly, because we agree entirely with the sound reasoning of the Magistrate Judge, we shall adopt the R&R in its entirety and dismiss this case. Plaintiff shall not be permitted an opportunity to further amend her pleading because such an exercise would certainly be futile. An appropriate Order shall issue.